UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD DANIELS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:18-cr-00063-GZS-1<br>2:21-cv-00312-GZS |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 1071.) Following a guilty plea, Petitioner was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute marijuana; the Court sentenced Petitioner to seventy-two months in prison. (Amended Judgment, ECF No. 1035.) Petitioner did not file an appeal.

Petitioner claims that the criminalization of marijuana is unconstitutional and that his attorney provided ineffective assistance for failing to present that argument. The Government requests dismissal. (Response, ECF No. 1078.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Between 2015 and February 2018, Defendant and others processed and distributed marijuana to members of the public who were not involved in Maine's Medical Marijuana

program, including to people who were out-of-state. (Prosecution Version, ECF No. 634; Presentence Investigation Report ¶ 20.) In April 2018, following an investigation of the organization, Petitioner was charged in six counts of a nine-count indictment, two other defendants, and in October 2018, Petitioner was charged with seven counts of a thirty-nine-count superseding indictment, with multiple other defendants. (Indictment, ECF No. 24; Superseding Indictment, ECF No. 82.)

In November 2019, Petitioner pled guilty to one count of conspiring to manufacture, distribute, and possess with intent to distribute 100 or more marijuana plants or more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Change of Plea Hearing, ECF No. 656.) In consideration for Petitioner's guilty plea, the Government agreed to dismiss the other six charges against him. (Plea Agreement, ECF No. 637.) In June 2021, the Court sentenced Petitioner to seventy-two months in prison. (Sentencing Hearing, ECF No. 1029; Amended Judgment, ECF No. 1035.) Petitioner did not file an appeal.

Petitioner filed this § 2555 motion in November 2021. (Motion, ECF No. 1071.)

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules

developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if a petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.    Analysis of Claims**

Petitioner asserts that because marijuana is safe to use without a medical prescription, his conviction is unconstitutional as there are no compelling reasons for Congress to proscribe marijuana use and distribution. (Motion at 3.)  As a freestanding claim for relief, however, Petitioner procedurally defaulted the argument by failing to file an appeal and raise it before the First Circuit. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Berthoff*, 308 F.3d at 127–28.

The only potential cause to excuse the procedural default is an ineffective assistance of counsel claim.  Because Petitioner's argument lacks merit, however, his attorney's

performance was not substandard. "Every federal circuit court to consider the constitutionality of the scheduling of marijuana as a Class I drug has applied the rational basis standard of review and upheld the statute." *United States v. Olea*, No. CR 14-10304-DPW, 2016 WL 8730167, at *5 (D. Mass. Aug. 12, 2016) (collecting cases).  Petitioner appears to conflate the issues of standing to sue, the "strict scrutiny" standard of review for suspect classifications or regulations burdening certain fundamental rights, and the rational basis test, which the Supreme Court has applied to most legal restrictions since the New Deal.  *See Gonzales v. Raich*, 545 U.S. 1, 22 (2005) (discussing some history of the rational basis test and applying it to uphold Congress's power under the Commerce Clause to restrict local cultivation and use of medical marijuana).

In sum, counsel did not act unreasonably by not asserting an argument on which Petitioner could not prevail, Petitioner was not prejudiced by his attorney's performance, and Petitioner's underlying claim would fail even if it were not procedurally defaulted. Petitioner, therefore, is not entitled to postconviction relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of April, 2022.